Act. We believe they were stretched too far that this court should reverse. I'm going to start with the scope of the stop. Colin Rodriguez makes clear that traffic stops must remain limited in scope and police may not detour from the mission of the stop to investigate other criminal activity. Does it matter, forgive me, but does it matter do you think that officer Fosco testified that he extended the stop in order to keep looking for evidence of criminal activity if in fact a reasonable officer could have extended the stop for safety purposes? Actually I don't believe that that matters. I believe the question is why did they extend the stop and did that give rounds to reasonable suspicion and I believe that the existence or not existence of reasonable suspicion is a question that this court reviews de novo. And the officers here admitted that before and after each path down they intentionally detoured from the mission and extended the stop intentionally to look for evidence of other criminal activity and the admissions are very clear in the cross-examination. If because the Fourth Amendment inquiry is objective what weight should we give to that statement? Well it is objective and what a reasonable officer would have thought in light of those particular admissions. I don't believe that these particular that you can discount these particular officers admission about what they had there in their own mind and the reasons that they made the decision. I think the question is whether a person that believed these things as these officers did had reasonable suspicion to go further. I think that's the right question. I would really think that you might want to go on to the Speedy Trial Act problem that you have argued because the government argues that you agreed to exclusions of time. Can you tell me exactly what you think you was agreed upon in terms of excludable time? So in which they agreed to the exclusion of time for purposes of the court deciding the pretrial motion? That's what was in the status report. That's not dispositive or even particularly relevant to our view of the Speedy Trial Act issue because the Supreme Court held Zender and reaffirmed in bloat that Speedy Trial Act violations cannot be waived. Now I think that question is certainly relevant to whether the dismissal should be with or without prejudice. Absolutely is a relevant question. But whether or not there was a violation of the Speedy Act Trial Act is a question of what the statute actually says. Substantively if there was a violation of the Speedy Trial Act whether or not we agreed to it 3162 of the Criminal Code is very clear that the court shall dismiss and the question is only whether the dismissal should be with or without prejudice. I'd be happy to. That's very important to you and there isn't much discussion of client from the Speedy Trial violation. If we were to reverse on that claim would the case have to be remanded for a determination of prejudice and can you give us a preview of what your prejudice argument would be? So just I agree with Your Honor that the case would have to be remanded for discussion by the district court about whether the dismissal would be with or without prejudice. The district court did hold at the end of the Speedy Trial Act that had it been violated he would have dismissed the case without prejudice. It was an alternative finding and we wouldn't challenge that. Although we would agree that the case should be dismissed without prejudice. But at this point Mr. Avila has served his entire sentence that was ordered by the court. He actually was recently he's back in prison because he violated the terms of his supervised release but that would have to be that would have to change if there was a remand and the case was dismissed for violation of the Speedy Trial Act. We think the Speedy Trial Act issue is just the plain language of the statute applying Your Honor this court's ruling recently in the Shanu case. Shanu stated and the government doesn't dispute that a retroactive ends of justice continuance must be supported that by findings that were made even if only in the judge's mind before the continuance was granted. And that's the Shanu case reading from Zedner. And a court is not supposed to make after-the-fact rationalizations to justify a Speedy Trial Act extension. But that's exactly what happened here. The last exclusion of time was on March 8th of 2021 and if you look at the facts that he relied on to justify the Speedy Trial Act extension those didn't exist on March 8th of 2021. Almost none of them. The only thing that was briefs, initial briefs that were very short. Noticing up the suppression hearing for a hearing and the status conference. That was it. That does not justify and could not have justified at the time a 15-month continuance. I also think it's pretty telling that most of the cases that the judge relied on in denying our motion to suppress were decided way after the suppression hearing took place. The Cole decision came out six months after the suppression hearing. The Smith case, I know your honor was on the panel for that case Judge Rovner, the decision in that case came out more than almost a year after the suppression hearing took place. That is not what Congress had in mind when it wrote the Speedy Trial Act. Had in mind? How do you know what any member of Congress was thinking at the time? Fair question your honor. What we know is what they enacted. I completely agree. What they enacted is a statute that says if you do not put somebody to trial within 70 days of the indictment and if you don't make these findings then the case shall be dismissed. That's 3162 of the criminal code. And when this court interpreted that statute in the Shanu case, it also made clear that retroactive ends of justice findings were acceptable only where there was no indication that the court was continuing the case on the account of a crowded calendar and no indication that this was an unreasonable continuance given the facts of the case. The district court's decision below put both of turned both of these prongs on its head. When we first raised this issue at a status conference the first thing the district court judge said was that it operated on geologic time given the amount of time things on its plate at any one time. And then when we asked how long is it going to take you to rule on the suppression motion the judge said he wouldn't be able to tell us because of the thousand and one things on his plate at any one time. Now if these admissions these statements which were on the record at a status conference are not what this court was referring to in Shanu as an indication that the court's delay was on account of a crowded calendar which is not permitted under Shanu and the case that it cites then I'm not sure what would be sufficient to satisfy that. And as to unreasonableness remember that the Speedy Trial Act allows 70 days total. This case was this motion suppress was pending 15 months and it took nearly 70 days to get a ruling on the Speedy Trial Act motion. Your Honor we believe the Speedy Trial Act violation was very clear and at a minimum the court should reverse without and order a dismissal without prejudice for that reason alone. And I would like to reserve the last rest of my time for rebuttal unless your honors have any questions. Certainly counsel. Thank you your honor. Mr. Fullerton. Good morning. May it please the court. The district court did not abuse its discretion in denying the motion to First of all the district court excluded time through the resolution of the motion to suppress by the agreement of the parties. That covered the period from I believe March of 2021 until the motion gets resolved in the summer of 2022. Now the better practice of course would have been to make motion or make findings about interest of justice along the way as the court is going through the case. But at the time it excluded in March of 2021 when it excluded time based on the pretrial motion as the court later explained it thought it had meant to exclude time based on the interest of justice. This is exactly. Look could we tell me what about this case is particularly complicated. I'm sorry your honor didn't hear that. I am just wondering on the speedy trial act problem. What about this case is particularly complicated. How is this different from the thousands of other motions to suppress in which police pull over a suspected bad actor on the premise of a seatbelt violation faulty taillight and then search for evidence of a suspected crime. I'm guessing that none of us would be able to count the number of cases we've seen with these exact facts. I'm wondering where is the complexity to begin with. I mean the judge goes on for 90 pages. That transcript is 90 pages of how complex this case is. Help me. Yeah your honor I think you raise a good point which is I agree with you that the legal issues are not that complicated. The district court wrestled with clearly wrestled with the factual issues and Mr. Avila had challenged these officers and their account of what happened during this traffic stop at every step of the way from their observation of the Dodge journey to the observation of the traffic violation the observation their observation of a seatbelt violation there every single step of the way Mr. Avila had challenged the officers credibility and their account of what had happened. So this was recorded on body camera. There was a two-day hearing 300 page transcript and the district court I mean to its credit took these issues very seriously and I mean it's fair to say that he the district court kind of wrestled with these questions ultimately concluded that the officer's account was was credible that there was reasonable suspicion for each step that the officers took during the traffic stop. Now part of the time that the district court took in resolving the motion to suppress was based on its understanding that Cole this court's decision to call the panel opinion in Cole which was heavily relied upon by Mr. Avila in his motion had been taken had been granted en banc review in June of 2021 and took some five or six months until December of 2021 to get resolved. Mr. Avila considered that case to be very important he relied on it heavily in his motion and the district court I think reasonably decided to wait for the en banc review. Can he rely on the United States versus Cole case that goes en banc June 9th of 2021 if he made the decision in Right. Cole the March of 2021 exclusion of time based on the agreement of the parties was found later to be justified by the district court on the based on the interest of justice that was permissible in Chano. The court's explanation of its findings for the interest of justice related back to the district court judge wanted to wait until the resolution of the Cole case why didn't the district judge simply issue an order when he learned about the en banc excluding the time while he waited wouldn't that have been the way to do it? Clearly the better practice would have been to make exclusions along the way. Clearly that would have been the better practice this court has made it very clear that's the better practice. It didn't happen here but I don't think dismissal is required. The court did make the findings that justified the exclusion at the time it acted or time it denied the motion to dismiss on speedy trial grounds and those findings I guess I'm trying to drill home the point that when United States versus Cole is brought to the attention of the the continuance is already in place. Correct. And so if we're trying to connect this end of justice finding was made at the time of the continuance how are we able to rely on United States versus Cole and the fact that that case did raise some concerns regarding the traffic stop. Yeah I think the the answer has got to be that the post that the later justification for the interest of justice exclusion can account for what took place during the pendency of the motion and I think that's permissible under Chanu and Ramirez because what Chanu and Ramirez appear to say is that a post hoc rationalization for an interest of justice exclusion is not permissible if it relies on something that is not apparent in the record. The reliance on Cole, the length of the hearing, the bitterness with which this motion to suppress was fought, all of those things were evident from the record and there's nothing like happened in Ramirez where the only justification for delay was the congestion of the court's calendar. So I think that answers the question. I do you think that some of what the judge actually said in those 90 pages about how he has to move at glacial speed and how much there was on his plate and I mean it does that veer a little bit do you think into my calendar business here? As I said Your Honor, I think that the district court you know clearly wrestled with these and he found them but I think that's to the district court's credit that it was taking these allegations very seriously and really went through this with a fine-tooth comb. Now this is not a simple motion to suppress where the parties just rely on a police report or a single body cam. This involved testimony, two day hearing. So I think it was perhaps again I would concede this is not the best practice. It was a long time but I don't think it was an abusive discretion to deny the motion to dismiss on speeding trial grounds. Regarding the motion to suppress itself. I guess we should talk a little bit then based on that point the May 16th statement made at the status hearing and so it's my understanding the defense counsel gives a synopsis of the speedy trial. I'm going to call it the problem and the response from the government was that the overview that the defense counsel you know has provided is accurate and so I'm just trying to make sure that I understand the position the government's taking now versus the position the government took at that status hearing. I don't believe the government conceded that there was a violation of the Speedy Trial Act. The this was the extent of the exclusions that were on the record. This is the sequence of events but it certainly wasn't a concession that a Speedy Trial Act violation had had occurred and that the dismissal was required. Regarding the motion to suppress, the district court made factual findings that were supported by the record which justified a reasonable suspicion in the part of these officers or reasonable officers in the in their place that justified the traffic stop, getting Mr. Avila out of the car, patting him down, doing a protective sweep of the area near where he was sitting, the subsequent pat down and the third pat down which revealed the the firearm concealed on his on his reasonable suspicion. Namely, Mr. Avila's behavior once he was out of the car, kind of facing the car, the corner of the car, hugging, appearing to be hugging the car and then the pat down only occurred when the officer directed Mr. Avila to approach them and they saw a bulge on his on an area of his body that they had not previously frisked. So this entire interaction between Mr. Avila and the police officers took some six minutes. That's not an unreasonable prolongation of a stop and their search for a weapon was not an impermissible purpose, did not did not go beyond the mission of the stop. I think we have your position, Thank you. So we ask that you affirm. Anything further, Mr. Slade? Thank you, Your Honors. As your colleague with my colleagues established, I think, this case creates a big timing problem. If what Mr. Fullerton says is right, then district judges don't have to make any findings under the Speedy Trial Act at all and then three years later when the defendant makes a motion, the district court can recite what happened over the last three years and use that to justify the extension of time. That's not how the Speedy Trial Act works. There's no cases justifying that interpretation of the statute. It's inconsistent with Zedner and Shanu and I think would fundamentally upend district court practice under the Speedy Trial Act. This court found in the Shanu case that retroactive interest of justice findings are not best practices and they're permitted only when the judge, when he had last excluded time, when nothing in the record indicates that the case had been continued due to a crowded calendar, and when the delay is not unreasonable. This case does not satisfy any of those prerequisites for a retroactive interest of justice exclusion. The record has a lot of evidence that it was being continued on account of the court's crowded calendar, the facts he relied on didn't exist at the time he last excluded time, and Mr. Avila spent 15 months in prison, nearly a full guideline sentence, waiting for a ruling on his motion to suppress. I do not believe that that's consistent with the language or spirit of the Speedy Trial Act and we would ask that you reverse. Thank you, Your Honor. Thank you, Mr. Slade, and Mr. Slade, we appreciate your willingness and that of your law firm to accept the appointment in this case and the assistance you've been to the court as well as your client. Thank you very